**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **National Contractor Audit Service, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-1182-JTM |
| ) | |
| **National Compliance Management Services, Inc.,** ) ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for a protective order. (Doc. 15). Specifically, plaintiff seeks an order precluding the taking of a Rule 30(b)(6) deposition in the District of Kansas. For the reasons set forth below, the motion shall be DENIED.

**Background**

Highly summarized, this is a tortious interference and unfair competition case.[1] Plaintiff originally filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendant removed the case to the United States District Court for the

---

[1] Plaintiff's allegations are described in detail in a prior opinion and will not be repeated. See Memorandum Opinion, Doc. 2.

Western District Pennsylvania and moved to dismiss based on a lack of personal jurisdiction. In a lengthy and well-reasoned opinion, the Honorable William L. Standish, United States District Judge, concluded that plaintiff failed to establish that defendant had "sufficient minimum contact" with Pennsylvania for the court to exercise personal jurisdiction over defendant.  However, Judge Standish exercised his discretion to transfer the case to the District Court of Kansas rather than dismiss the case.  Judge Standish transferred the case to Kansas because (1) defendant's principal place of business is located in Hutchinson, Kansas, (2) the events which allegedly led to the tortious interference claim occurred in Kansas, and (3) Mr. Rippert, plaintiff's president, resides in Kansas. (Doc. 2, P. 56).

## Motion for a Protective Order

Defendant served a Rule 30(b)(6) deposition notice on plaintiff requesting that plaintiff produce a representative to provide testimony concerning seven topics at defense counsel's office in Hutchinson, Kansas.  Plaintiff moves for a protective order and asks that the deposition be conducted in the Western District of Pennsylvania rather than in Kansas. In support of its motion, plaintiff argues that (1) it did not pick Kansas as a forum, (2) its offices and officers are located in Cranberry, Pennsylvania, (3) all relevant documents are located in Pennsylvania, (4) the Rule 30(b)(6) representative (Eugene Milaucic) lives and works in Pennsylvania, and (5) it is a "fledgling company" and should not be forced to incur

the travel expenses for a deposition in Kansas.[2]

Plaintiff acknowledges the general rule that a plaintiff must appear for deposition in the forum where the lawsuit is pending.  See, e.g., Tolon v. Johnson County Bd. of Comm'rs, 1995 WL 761452 (D. Kan. 1995).  However, plaintiff argues that the general rule should not apply because it selected Pennsylvania as the forum and the case was transferred to Kansas.  The difficulty with plaintiff's argument is that Pennsylvania was an improper forum and the case would have been dismissed if not transferred to Kansas.  The court declines plaintiff's request for an exception to the general rule where plaintiff initially filed the case in a forum lacking personal jurisdiction over defendant.

Although plaintiff's "forum" argument is unpersuasive, the court has wide discretion in selecting the place of examination and in attaching conditions concerning the payment of expenses to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(2).  However, a moving party must show "good cause" before the court exercises its discretion to grant a protective order.

As noted above, plaintiff argues that because it is a "fledgling company," requiring a representative to travel to Kansas would be an "undue hardship."  Aside from these conclusory remarks, plaintiff presents no evidence or argument showing the financial difficulties plaintiff would face if required to send a representative to Hutchinson, Kansas,

---

[2] Apparently, Mr. Rippert, a Kansas resident, resigned his position as plaintiff's president in the fall of 2008.  Plaintiff's Reply, Doc. 21, p. 2.

-3-

for a deposition.[3]  Under the circumstances, plaintiff has failed to carry its burden of showing "good cause" for the requested protective order; therefore, the motion shall be DENIED.

**IT THEREFOR ORDERED** that plaintiff's motion for a protective order **(Doc. 15)** is **DENIED.**  The Rule 30(b)(6) deposition shall proceed at a mutually agreeable time in Hutchinson, Kansas.

**IT IS SO ORDERED**.[4]

Dated at Wichita, Kansas this 26th day of January 2009.

> S/ Karen M. Humphreys
> _____
> KAREN M. HUMPHREYS
> United States Magistrate Judge

---

[3] Plaintiff asserts that the cost of travel to Wichita, Kansas is "several hundred dollars."  Doc. 21, p. 3.  Absent further explanation, an expense of "several hundred dollars" would not ordinarily be considered an undue hardship.

[4] The rulings herein are limited to discovery and the liberal standard for relevance. Wal-Mart raises a number of arguments concerning the merits of plaintiff's claims and evidence.  The rulings herein are without prejudice to future arguments which may be made in the context of dispositive motions or during trial.